UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CRISTIAN M. LOGA-NEGRU,

Petitioner,

v.

Case No. 26-cv-449-pp

ROBERT MILLER,

Respondent.

---

**ORDER DENYING PETITIONER'S FIRST MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 15) AND REQUIRING PETITIONER TO FILE TRUST ACCOUNT STATEMENT IN SUPPORT OF SECOND MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 17)**

---

On July 30, 2026, the court denied without prejudice the petitioner's motion for leave to proceed without prepaying the filing fee, denied his *habeas* petition and dismissed this case without prejudice. Dkt. Nos. 8, 9. The petitioner did not file a notice of appeal within thirty days as required under Federal Rule of Appellate Procedure 4(a)(1)(A). The petitioner filed his appeal on September 17, 2026, dkt. no. 10, and on October 8, 2026, the Seventh Circuit Court of Appeals transferred the petitioner's motion to proceed without prepaying the appellate filing fee to this court, dkt. nos. 14, 15. Five days later, the Seventh Circuit transferred the petitioner's second motion for leave to appeal without prepaying the appellate filing fee. Dkt. Nos. 16, 17.

## I. Motions for Leave to Proceed Without Prepaying the Filing Fee (Dkt. Nos. 15, 17)

This court denied the petitioner's motion to proceed without prepaying the filing fee in the underlying district court case because the petitioner stated

that he was submitting a disbursement request to his institution to cover the $5 filing fee (as he had done in the prior cases he'd filed in this district). Dkt. No. 8 at 2-3. Because this court did not give him permission to proceed without prepaying the filing fee in the underlying district court case, the petitioner must file a motion to proceed without prepaying the appellate filing fee that complies with Fed. R. App. P. 24(a)(1). That rule describes the information the petitioner must provide by affidavit in support of his request, including additional information about his financial situation and a statement of the issues he intends to present on appeal. In particular, Rule 24(a)(1)(A) requires the petitioner to submit financial information of the sort required by Form 4 of the Appendix of Forms for the Federal Rules of Appellate Procedure. This information specifically includes an official statement of his institutional account(s) showing all receipts, expenditures and balances during the last six months. The petitioner also must claim an entitlement to redress and state the issues that he intends to present on appeal. Fed. R. App. P. 24(a)(1)(B)-(C).

A. First Motion for Leave to Appeal Without Prepaying the Appellate Filing Fee (Dkt. No. 15)

The petitioner's first motion simply states that he receives money from his family but that it barely pays for his necessities and that the state courts have found him to be indigent. Dkt. No. 15 at 1. The motion also states that the petitioner commenced the appeal "to address a threshold issue that structurally influenced the validity of proceedings and conviction in Case #14-CF-1626 from Racine, Wisconsin." Dkt. No. 15 at 2. He adds that the courts "abused the process by ignoring important federal rights." Id.

The court will deny the motion because the petitioner did not use the required form or provide the necessary financial information. In addition, his motion does not make clear what issues he intends to appeal. The petitioner

raised four claims in his underlying *habeas* petition but not all were cognizable on *habeas* review. The court pointed out that the petitioner pled no contest to first-degree intentional homicide and forfeited all non-jurisdictional defects, including constitutional claims. Dkt. No. 8 at 15 (citing State v. Loga-Negru, Case No. 2019AP1023-CR, 2021 WL 2945590, at *4 (Wis. Ct. App. July 14, 2021)). Three of the petitioner's four claims challenged events that occurred prior to the entry of his no contest plea, and the fourth claim was not cognizable on *habeas* review.

B. Second Motion for Leave to Appeal Without Prepaying the Filing Fee (Dkt. No. 17)

When the petitioner filed his second motion, he used Form 4 as required by Fed. R. App. P. 24(a)(1). The second motion states that his total monthly income is $158 and that he owns a 2007 Jetta with an unknown value. Dkt. No. 17 at 2. He states that a "Mr. Early Louis" owes him $10,000-$12,000 and he asserts that he is "indigent based on trust account statement." Id. at 2-3. The petitioner has not filed a copy of his trust account statement as required. Page 2 of Form 4 states:

> If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Id. at 2. In addition, the petitioner did not claim entitlement to redress or state the issues he intends to address on appeal. See Fed. R. App. P. 24(a)(1)(B)-(C). Under "My issues on appeal are:" the petitioner wrote, "Certificate of Appe[a]lability." Id. at 1. The court will deny the petitioner's second motion.

C. Next Steps

Within thirty days of the date of this order, the petitioner may file with the Seventh Circuit Court of Appeals a motion to seeking permission from that court to proceed without prepaying the appellate filing fee. Fed. R. App. P. 24(a)(5). The motion must include the "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" required by Rule 24(a)(1) and this court's reasons for denying the petitioner's motion. The court reminds the petitioner that he must file a copy of his certified trust account statement and he must identify the issues that he intends to appeal.

## II. Conclusion

The court **DENIES** the petitioner's first and second motions to proceed on appeal without prepaying the appellate filing fee. Dkt. Nos. 15, 17.

Dated in Milwaukee, Wisconsin this 16th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**